-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MR. DARRYL PATRICK LYNCH, 01B2694,

      Plaintiff,

-v-

PAROLE, MR. ROBERT DENNISON;
WILLARD, MR. MELVIN WILLIAMS;
T. DOWNS;

      Defendants.

DECISION AND ORDER
07-CV-0134A(Sc)

---

## INTRODUCTION

Plaintiff, Darryl Lynch, an inmate of the Five Points Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants violated his rights when he was coerced into participating in a program for narcotics rehabilitation that violated his religious rights, his parole violation conviction violated due process, and he was assaulted by a Willard drug treatment officer. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, one of his claims is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and unless plaintiff files an amended complaint as directed below, the remaining claims will be dismissed with prejudice pursuant to §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Plaintiff's claim that his parole violation conviction was in violation of due process must be dismissed. Plaintiff alleges that parole officer Hernandez violated his right to the

procedural protections of the Fourteenth Amendment by the way his parole violation hearing was conducted. While 42 U.S.C. § 1983 provides an avenue to present federal claims alleging that a person acting under color of state law has deprived plaintiff of constitutional rights, when a litigant seeks to challenge the fact or duration of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dobson*, 544 U.S. 74, at 81 (discussing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Heck v. Humphrey*, 512 U.S. 477 (1994); and *Edwards v. Balisok*, 520 U.S. 641 (1997). "These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81-82. Accordingly, plaintiffs claim regarding his parole violation conviction may only proceed by way of a petition for habeas relief, absent prior invalidation of his conviction.

Plaintiff's claim that he was coerced into participation in a narcotics rehabilitation program that violated his First Amendment rights to freedom of religion is subject to dismissal with prejudice. Plaintiff has failed to provide sufficient facts to allow the Court to

2

determine if he can state a cause of action against each of the defendants named. Plaintiff alleges that Superintendent Williams and parole officers M. Didio and L. Caslim violated his rights. But he does not say what each defendant did, and how it violated his rights. The Court cannot determine from the manner in which the allegations were made, whether plaintiff can state a cause of action, or, if so, whether each of the defendants was personally involved in the deprivation, as is required for a § 1983 violation. However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). Plaintiff must state exactly how he came to participate in the program he claims violated his rights. He must show how the program violated his rights. He must also allege what each separate defendant did that plaintiff alleges illegally coerced him into participation in the program.

As to plaintiff's claim that he was assaulted by a drug treatment officer at Willard, plaintiff similarly fails to allege sufficient fact to allow the Court to appropriately review the claim. Plaintiff must state exactly what defendant T. Down did, why it violated plaintiff's rights, and what injury it cause to plaintiff. Plaintiff should consider that, based on his statement that he has not received the results of the appeal of his grievance on this issue, his claim may be premature if he has failed to properly exhaust his administrative remedies.

In addition, plaintiff has failed to name M. Didio, L. Caslim or Hernandez, whom he has alleged have violated his rights, in the caption and in the defendants section of the complaint. Plaintiff is directed to make certain that anyone he wished to hold responsible as a defendant in this law suit is named in the caption and the defendants section of the complaint, as well as in the facts section of the complaint.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's claims concerning his parole violation hearing are dismissed without prejudice. In addition, plaintiff's claims regarding participation in the narcotics rehabilitation program and an assault will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint which includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed in forma pauperis is granted;

FURTHER, that plaintiff's claims regarding his parole violation hearing are dismissed without prejudice;

FURTHER, that plaintiff is granted leave to file an amended complaint regarding only his claims of forced participation in a program that violates his religious rights and regarding an assault as directed above by **June 18, 2007**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **June 18, 2007**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that if plaintiff has not filed an amended complaint by **June 18, 2007**, the Clerk of the Court is directed to close this case as dismissed with prejudice; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a),

that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: MAY 22, 2007
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge