UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARRYL PATRICK LYNCH,

        Plaintiff,

                                  **Hon. Hugh B. Scott**

        v.                            **07CV134**
                                    **(CONSENT)**

                                      **Order**

T. DOWNS,
        Defendant.

Defendant T. Downs orally moved to dismiss the Complaint in this case for failure to prosecute (see Docket No. 23), which the Court granted and stated that an Order would issue. Previously, the parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 12).

## BACKGROUND

Plaintiff, proceeding pro se, initially sued as an inmate from a New York State correctional facility. Plaintiff alleged several grounds for violation of his civil rights (see Docket No. 4, Am. Compl.). The claim that survived initial review (see Docket Nos. 3, 7), involved plaintiff, then a parolee at Willard Drug Treatment Center, refusing to eat an undercooked waffle on December 23, 2006. Defendant correction officer T. Downs allegedly then forced the waffles into plaintiff's pocket (Docket No. 4, Am. Compl. at 25 of 26 pages). Plaintiff alleges that other unnamed officers (not defendants in this action) then placed plaintiff in mechanical restraints, kicked him, threatened him, twisted plaintiff's arms, and dug the handcuffs into his wrists (id.).

He alleged excessive force, in violation of the Eighth Amendment, and unspecified damages for compensatory and punitive relief.

From his correctional facility, plaintiff appeared at the scheduling conference (Docket No. 14). Plaintiff then was released from state custody (cf. Docket No. 10, notice of electronic filing for Order Referring Case, with plaintiff's address on Shield Avenue in Buffalo, New York) and signed the consent to have the case tried by a Magistrate Judge (Docket No. 12). He later moved for appointment of counsel (Docket No. 16[1]), indicating that his new address following his release was an address on Ellicott Street in Buffalo, New York (see id., plaintiff's motion for appointment of counsel, at page 2, indicating his then-current address and asking the Court to note the change in address). This is the address of record that the Court currently has for plaintiff.

A final pretrial conference was scheduled for March 17, 2009 (Docket No. 18), but plaintiff did not appear (see Docket No. 20). The Court rescheduled this final pretrial conference for April 14, 2009 (Docket No. 20), including an Irby notice, see Irby v. New York City Transit Auth., 262 F.3d 412 (2d Cir. 2001), warning him that failure to appear may lead to dismissal of this action (with prejudice) and reminded plaintiff of this Court's Local Civil Rule 5.2(d) of his obligation to update the Court of his current address, see also W.D.N.Y. Loc. Civ. R. 5.2(e) (pro se parties are responsible for being familiar with Federal Rules and the Court's local rules, with failure to comply with the rules possibly resulting in dismissal of the case with prejudice). This notice was sent to his Ellicott Street address of record. Defendant noted at the scheduled final pretrial conference on April 14, 2009, that his mail to plaintiff was returned by the postal service

---

[1] Which was denied, Docket No. 17.

as undeliverable (Docket No. 23). Similarly, the Order scheduling that conference was returned from plaintiff's address of record with the Court Clerk as undeliverable (see Docket No. 22).

DISCUSSION

I.Applicable Rules for Prosecution of Civil Actions and Pro Se Litigants

Federal Rule of Civil Procedure 41(b) states that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits," Fed. R. Civ. P. 41(b) (effective Dec. 1, 2007). Local Civil Rule 5.2(d) provides that a party proceeding pro se must furnish the Court with his current address at all times, with "papers sent to this address will be assumed to have been received by plaintiff." The pro se plaintiff must inform the Court in writing of any changes in address "immediately," with "failure to do so may result in dismissal of the case with prejudice." W.D.N.Y. Loc. Civ. R. 5.2(d).

Plaintiff was expressly warned by this Court to maintain his current address with the Court or face possible dismissal of his action (Docket No. 18, Amended Scheduling Order of Jan. 14, 2009; Docket No. 21). The Amended Scheduling Order (Docket No. 18) also reminded plaintiff of the sanctions available for failure to comply with a direction of the Court under Federal Rule of Civil Procedure 16(f). The notice for the reset April 14, 2009, conference (including an Irby notice, see Irby, supra, 262 F.3d 412) further warned plaintiff that if he failed to appear or failed to contact the Court to seek a change in the schedule for the conference, "this Court may recommend that the action be dismissed for failure to prosecute" (Docket No. 21,

3

Order). Plaintiff did not appear at the April 14, 2009, conference and defense counsel noted that she had not heard from plaintiff and mail she sent to plaintiff (including defendant's pretrial statement, Docket No. 19) were returned as undeliverable (see Docket No. 23).

II.     Application of Dismissal for Failure to Prosecute Rules

Pro se parties are granted "special leniency regarding procedural matters," LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001), and thus dismissal of a pro se's action for failure to prosecute is done only "when the circumstances are sufficiently extreme," Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); LeSane, supra, 239 F.3d at 209, because dismissal of an action is the harshest sanction the Court can impose, United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 251 (2d Cir. 2004).

The Second Circuit has listed several factors that must be considered before dismissal of a pro se's action for failure to prosecute. First, the Court must consider the duration of plaintiff's failure to comply with the Court's Order; second, whether plaintiff received notice that further delays would result in dismissal; third, whether defendant is likely to be prejudiced by further delays; fourth, whether the Court has taken care to strike the balance between alleviating court calendar congestion and protecting plaintiff's right to due process and a fair chance to be heard; and fifth, whether the judge has adequately assessed the efficacy of lesser sanctions to dismissal, e.g., Drake, supra, 375 F.3d at 254 (quoted in Ruzsa v. Rubenstein & Sendy Attys at Law, No. 07-0089-cv, 2008 U.S. App. LEXIS 5619, at *2 (2d Cir. Mar. 17, 2008) (per curiam)); LeSane, supra, 239 F.3d at 209; Lucas, supra, 84 F.3d at 535. No one factor is determinative and the dismissal on this basis is reviewed on the entire record, Drake, supra, 375 F.3d at 251.

4

As for the first factor (the duration of plaintiff's failure to comply with Orders), plaintiff missed two final pretrial conferences in 2009 and failed to appear or contact the Court about appearing when expressly instructed to do so. All other Scheduling Order deadlines (see Docket Nos. 14, 19) had passed and at the final pretrial conference a trial date was to be set. Defendants pursuant to the last schedule filed their pretrial statement (Docket No. 19) but plaintiff has not filed his. While this case was filed early in 2007, plaintiff has been inactive in it since February 2008, when his motion for appointment of counsel (Docket No. 16) was denied (Docket No. 17). In that motion, plaintiff showed his awareness of the Local Rules and his obligation to keep the Court abreast of his whereabouts (see Docket No. 16, Pl. Request for Relief at 2). The action languished with no action for eleven months until the Court issued the last Scheduling Order for pretrial statements and a final pretrial conference (Docket No. 18).

On the second factor of whether plaintiff received notice, notice was sent to plaintiff's last known address of record but may not have been received. The assumption of receipt under the Local Civil Rule 5.2(d) may be overruled by the return of the mailed item as undeliverable by the United States Postal Service. Plaintiff was given notice of his obligations to follow this Court's rules and to inform and update the Court as to his address as well as to appear at conferences, all upon the penalty of dismissal if plaintiff did not comply. For example, the notice for the reset final pretrial conference (Docket No. 21) warned plaintiff that he had to appear or seek an adjournment or the rescheduling of the conference or his case could be dismissed. Plaintiff did not respond. That notice was returned by the United States Postal Service as undeliverable (see Docket No. 22).

On the third factor regarding prejudice to defendant by further delays, defendant has filed his pretrial statement (Docket No. 19) and expressed his readiness for trial. He appeared at the scheduled conferences while plaintiff was absent (see Docket Nos. 20, 23). Plaintiff's surviving claim (cf. Docket No. 7, Order dismissing several claims) arose from an incident in December 2006 (see Docket No. 4, Am. Compl. at 25 of 26 pages). Delays in prosecuting this claim in 2009 and its trial will "likely . . . prejudice[]" defendant and his ability to defend against this suit, Ruzsa, supra, 2008 U.S. App. LEXIS 5619, at *3 (quoting Drake, supra, 375 F.3d at 254).

On the fourth factor balancing the Court's calendar and plaintiff's opportunity for his day in Court, plaintiff (as described above) has been given numerous opportunities to appear and participate in his litigation but failed to do so since his denial of appointed counsel. While plaintiff has not congested the Court with "irrelevant or obstructionist filings," LeSane, supra, 239 F.3d at 210, plaintiff's non-appearance and apparent inaction has required the Court to take time to schedule and attempt to conduct the conferences, time that could have been spent on other matters. The Court rescheduled the final conference (on April 14, 2009) as a last ditch effort to determine if plaintiff intended to pursue his action.

On the fifth factor of consideration of other, lesser sanctions, the Court has considered other sanctions or procedures, recognizing that dismissal of an action is an extreme sanction, see, e.g., LeSane, supra, 239 F.3d at 209. Plaintiff moved for in forma pauperis status (Docket No. 2), which was granted (Docket No. 3). Hence, any fine or monetary sanction for plaintiff's noncompliance would be unavailing. Unlike LeSane, where there was pending a motion for summary judgment, there is no procedural default that could be imposed upon plaintiff here short

6

of dismissal (such as accepting the opponent's facts as true absent plaintiff's response), LeSane, supra, 239 F.3d at 210.  The next proceeding here would be a trial; the default of that would be the same as the dismissal being ordered here.  Under this Court's rules, failure to update the Court with a pro se party's current address is sufficient ground for dismissal of the action with prejudice, W.D.N.Y. Loc. Civ. R. 5.2(d).  Although not a sanction, the Court also considered alternative procedures to avoid dismissal here.  One possible option is appointment of counsel for plaintiff.  Plaintiff had moved for appointment of counsel (Docket No. 16).  The motion for appointment of counsel was denied generally (Docket No. 17) without prejudice to being renewed at a later period.  But such an appointment now (be it upon reconsideration of an earlier motion or by the Court sua sponte) may well be futile since the newly appointed counsel would need to locate and contact plaintiff and obtain his cooperation if plaintiff intends to pursue this action.  Under the Local Rules of this Court, counsel admitted to practice before the Court must make him or herself available for appointment to represent indigent parties, but the attorney faces an appointment no more than once per a twelve month period, W.D.N.Y. Loc. Civ. R. 83.1(g).  By appointing counsel in this circumstance would exhaust one attorney from use by the Court for appointment to represent another indigent applicant within the next twelve months, depleting the limited number of willing counsel to accept these cases and frustrating that counsel (as the Court has been frustrated) in tracking down this plaintiff.  Thus, absent a procedural device, monetary sanction or other procedural sanction short of dismissal, there is no lesser sanction here that would be effective as dismissal, see Ruzsa, supra, 2008 U.S. App. LEXIS 5619 at *3-4.

Looking at the record as a whole in this case, see Drake, supra, 375 F.3d at 254, 258, plaintiff has been incarcerated and released from New York State prisons during the course of

this action.  While plaintiff initially informed the Court of his new addresses, he failed to update his address after he moved from the Ellicott Street address.  Plaintiff has only appeared once (by telephone during his incarceration) and has not appeared or made his presence known since filing his unsuccessful motion for appointment of counsel.  Essentially, the action has ground to a halt while awaiting activity by plaintiff, see also Ruzsa, supra, 2008 U.S. App. LEXIS 5619, at *3.

This case is similar to the recently decided case by the Second Circuit in Ruzsa, supra, 2008 U.S. App. LEXIS 5619.  There, the United States District Court for the District of Connecticut ordered a pro se plaintiff to file an Amended Complaint by March 31, 2006, but plaintiff did not respond at all.  On October 26, 2006, the Clerk of Court entered a Notice to Counsel, that (pursuant to local rule) the case would be dismissed unless a satisfactory explanation why it should not be was given by November 26, 2006.  Plaintiff again failed to respond and the case was dismissed by this procedural device on December 4, 2006.  Ruzsa, supra, 2008 U.S. App. LEXIS 5619, at *1-2.  After reviewing the five factors discussed above, the Second Circuit affirmed dismissal of Ruzsa's case, id. at *2-4.

As with Ruzsa, 2008 U.S. App. 5619, at *4, plaintiff here had "ample opportunity to pursue his claim[s]" before this Court but "chose not to do so."  The Court has scheduled and rescheduled conferences and sent notices to the address where plaintiff was believed to be found without any word from plaintiff.

As a result of plaintiff's failure to advise the Court of a change in address or to appear at this latest scheduled conferences (or otherwise contact the Court at all about this case), this action **is dismissed with prejudice** against plaintiff for failure to prosecute and the case closed.  Defendant's oral motion to dismiss for failure to prosecute is **granted**.

8

CONCLUSION

Thus, defendant's oral motion to dismiss for failure to prosecute is **granted**; this action **is dismissed with prejudice**.  The Court Clerk is instructed to enter judgment consistent with this Order and close this case.

So Ordered.

                                                 */s/ Hugh B. Scott*
                                                      Hon. Hugh B. Scott
                                          United States Magistrate Judge

Buffalo, New York
April 15, 2009